# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Thomas Johnson DQ-1169
(Name of Plaintiff) (Inmate Number)

SCI Retreat 660 state Route 11
(Address) Hunlock Creek, pa. 18621

(2) ______________________
(Name of Plaintiff) (Inmate Number)

______________________
(Address)

(Each named party must be numbered, and all names must be printed or typed)

vs.

(1) Bernedatte Mason

(2) Charles Stetler

(3) Laure Banta

(Names of Defendants)

(Each named party must be numbered, and all names must be printed or typed)

1:19-CV-2217
(Case Number)

CIVIL COMPLAINT

FILED
SCRANTON
DEC 27 2019
PER ________
DEPUTY CLERK

TO BE FILED UNDER: X 42 U.S.C. § 1983 - STATE OFFICIALS
____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

## I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Thomas Johnson V. Joesph Korszniak, 17-3946

Judge Joel H. Slomosky

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? X Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? X Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? I spoken to superintendent Mason and Deputy Banta about my problems before filing a Grievance.

2. What was the result? Rejected and Denied.

D. If your answer to "B" is No, explain why not: ___

## III. DEFENDANTS

(1) Name of first defendant: Superintendent Bernedatte Mason
Employed as SCI Retreat at 660 state route 11
Mailing address: Hunlock Creek, pa 18621

(2) Name of second defendant: Charles Stetler
Employed as staff at SCI Retreat 660 state route 11
Mailing address: Hunlock Creek, pa. 18621

(3) Name of third defendant: Laure Banta
Employed as staff at SCI Retreat 660 state route 11
Mailing address: Hunlock Creek, pa. 18621

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. The defendants named herein this complaint willfully acted with wanton malice and reckless intent tampered with and fabricated and altered the plaintiff actual court records which provided his

**IV. STATEMENT OF CLAIM**

**continue from page (2)**

sentencing date to intentionally deceive and to keep plaintiff from leaving on his **actual court sentencing date. The defendants (altered and change the plainitff original court records)** and **(Tampered and altered with the parole board original board action) by changing its original Documnents and (sending plaintiff a forgery copy that was Tampered and altered with) to refrain the plaintiff in prison pass his court's (max) sentence date.** in which all of this was done in **Retailation** from plaintiff filing complaints and grievances against several of the defendants.

1.) Defendant Mason is the superintendent at SCI Retreat in which she conspired with the defendants to **keep plaintiff illegally in prison pass his original maximum court sentence date.** defendant Mason was part of the conspiracy to cover up the illegal **(Tampering and altering of the court's original sentence documents)** by her subordinates in which she was well aware that plaintiff was being illegally held in prison pass his maximum date, for plaintiff has spoken to her on two (2) different ocassions about this problem before I filed this grievance concerning this problem see greivance number (800294) by defendant Mason purposely rejecting this grievance which **she (knew had merit and was clealy legible)** and by defendant Mason **Failing to contact the record supervisor of the record office, or by sending this grievance to the proper authority to be thoroughly investigated**, in which this complaint should have been taking seriously, especially something of this **magnitude**, she (knew or should have known) that her action would result in plaintiff being **(delayed illegally in prison)** in which defendant Mason was well aware her actions, and knew **exactly what she was doing this is why she stalled and delayed in her answering this grievance**) in which plaintiff had to write her (2) two request slips asking her to please respond to plaintiff grievance.

2.) Defendant Charles Stetler **conspired with the defendants to cover up** for his subordinates abuse of authority, and for his subordinates denying plaintiff **the right to see the parole board, and defendant Steler covering up for his subordinates and writing a falsified responce even when the record was clear** that they intentionally denied me the right to see the parole board on purpose. see greivance No. (766490) this was done by defendant Stetler because he had a personal vendetta against plaintiff from Plaintiff suing him and his co workers in the pass.

3.) Defendant Banta has **conspired with her subordinates in covering up their abuse of athority, and for them (Tampering and changing the court's original sentencing documents)** and for allowing her subordinates to deny me the right to see the parole board, defendant Banta purposely and intentionally ignored and refused to answer plaintiff complaints which was done intentionally, for plaintiff has spoken to defendant Banta on several about her staff abusing their authority and writing Factious bogus reports in plaintiff records.

4.) Defendant Inniss is the unit manager for (A) block who supervise all counselors and also (Dats drug counselors) on his unit. Defendant Inniss **conspired with defedants to cover up for** (Kaskel' Miller' brotzman' Dengler ' Jackson') to keep plaintiff from **(seeing the parole board)** which was done intentionally and on purpose. see grievance No. (766490) and to make sure at **(all cost that plaintiff doesn't make parole and to keep plaintiff incarcerated until he max out his sentence, and to keep plaintiff held in prison illegally.)**

defendant Inniss was well aware when plaintiff was schedule to see the parole board for defendant Inniss was **present at plaintiff annual reveiw on March 14. 2018. in which defendants Brotzman Dengler' Kaskel' was all present to discuss plaintiff parole plan and programs)** in which I plaintiff refuse to attend, Defendant Inniss was well aware of the abuse and the falsifying of records by his subordinates for plaintiff has written a grievance on his subordinate (mr. Dengler) see grievance No. (697550) and written a complaint to defendant executive Deputy Secretary Shirley more Smeal, in which defendant Smeal in return sent my complaint to Deputy Michael Wenerowicz of the eastern region, and his staff assistant **Jeff Reuscher responded to plaintiff complaint, in which he sent a copy of his response to defendant Inniss** see attach copy of mr. Reuscher response.

5.) Defendant Kaskel was directly invoied in the **conspiracy to keep plaintiff from seeing the parole board, and conspired with the defendants to keep plaintiff incarcerated illegally beyond the court maxium sentence which this was done deliberate indifference with malice**. defendant Kaskel was plaintiff counselor and knew exactly when plaintiff was schedule to see the parole board, because it is his job to make sure that he has all plaintiff paper work done before plaintiff comes in front of the parole board, and defendant Kaskel has a copy of the parole board last board action, and defendant Kaskel was in fact present at the annual Reveiw meeting on March 14. 2018. for defendant Inniss confirms this in his response to grievance no.(766490) that defendant Kaskel was present and knew exactly when plaintiff was schedule to see the parole board.

6.) Defendant Holly Mitkowski is a (Dats counselor) who conspired with Defendants to write bogus factious reports, and falsified her records to make sure that plaintiff never ever recieve a favorable report or a positive report this was to re assure that plaintiff never made parole, this was done with deliberate indifference.

7.) Defendant Stacy Miller is the (CCMP) and is the supervisor who supervise over all Unit manager's and all counselor's and all drug counselor's, and supervise over all school programs, and also **is in charge of assigning inmates to job employment**, defendant Miller was directly involed in the **conspiracy to cover up the abuse that her subordinate defendant Dengler has committed, and conspired with the other defendants to retailate against plaintiff** for filing a grievance and complaint against Defendant Dengler, see defendant Miller responce in grievance No.(697550) defendant Miller along with Defendants Inniss' Stetler' Banta' and Mason has, **Retailate against** plaintiff by systematically denying plaintiff a job, but states in responce to plaintiff request slip that he is place on the job waiting list which been years, but hired several hundred other inmates who came in the prison after plaintiff.

8.) Defendant Rawlings is a (Dats counselor) in a supervisor in the Cocurring program and was directly involed in the conspiracy and cover up' to keep plaintiff incarcerated illegally by falsifying her reports and writing factious bogus reports in plaintiff records that she knew wasn't true.

9.) Defendant Dengler is a supervisor over the (Dats counselors) and was **the leader in architect of keeping plaintiff illegally incarcerated beyond his maximum court date.** all of this was started by Defendant dengler because plaintiff filed a grievance and a complaint on defendant for making Racial and racist remarks to plaintiff and towards people of color, in which plaintiff also wrote a complaint and sent it to defendant (**Deputy Secratary Shirley more Smeal)** defendant Dengler stated to me in my face (**that I am going to break you boy) and I am going to personally see to it that you never make parole here at SCI Retreat, and stated that he had already spoken to unit manager Defendant Inniss to make that he don't send you back to SCI Huntingdon, and I am going to see if I can get you some extra time to stay here in prison (where you animals belong).** see grievance No.(697550) every thing that defendant said he was going to do, **he has now done and achieved every thing that he said he would do, and all of this was done in retailation for plaintifff filing his grievance against defendant, which this was done with malice and was deliberate indifference to cause pain and suffering.**

10.) Defendant Finnegan is a (Dats counselor) who was assigned to plaintiff as his (dats counselor) in the (T.C. Program) and was directly personally involed and conspired with the defendants to make sure that plaintiff never ever made parole under no circumstances, and to keep plaintiff held in prison illegally beyond the court's maximum sentence date.

11.) Defendant Mary Brotzman was plaintiff assigned Parole agent at SCI Retreat in which she **(conspired with the other defendants to keep plaintiff illegally in prison beyond the court's maximum sentence date)** and conspired with the defendants**( Inniss' Kaskel' aversa'Dengler)** to keep plaintiff from seeing the parole board, which was done **intentionally on purpose with malice to cause harm to plaintiff** see grievance No. (766490) it is defendant Brotzman job to make sure that plaintiff see the parole board on time. defendant Brotzman has plaintiff records and was present at plaintiff annual reveiw on March 14. 2018. when they was discussing plaintiff parole plan.

12.) Defendant Aversa Jackson is a parole supervisor over parole agent Brotzman and has **conspired with the defendants( Inniss' Brotzman' Kaskel')** to keep plaintiff from seeing the parole board in June. of 2018. which was done deliberate indifference and with malice to cause harm to plaintiff see grievance No. (766490) for plaintiff written a request slip and spoke to defendant Aversa on the walks about his subordinate defendant Brotzman denying him the right to see the parole board violating his **(Due process rights)** and which defendant aversa replied **(mr. Johnson we don't half to let you see the parole board until we say that you ready, and if you don't do what ever mr. Dengler and Inniss and kaskel say then you will never see the parole board and just stay here in which I don't give a dam one way or the other)**

13.) Defendant Maura Johnson is the record supervisor here at SCI Retreat in which she **conspired with the defendants to keep plaintiff incarcerated illegally by ( Tampering and altering the court's sentencing status sheet)** in which she knew or should have known that it would cause harm to the plaintiff and keep him **illegally in prison beyond the court's maximum sentence date** in which this was done intentionally on purpose **and not a accident, and this was not a mistake or a computer error.** for I refuse to allow her to use that excuse for plaintiff has written defendant Johnson (2) request slip asking her to please correct the records in which defendant refuse to acknowledge or answer plaintiff complaint.

14.) Defendant Kerwin is the Parole & probation Technical records supervisor in which she conspired with the defendants to keep plaintiff **illegally incarcerated beyond the court's sentence maximum date by (Tampering and altering the parole board original documents ) which was done with malice and**

**intentionally.** on May. 2. 2018 Plaintiff has written a letter to Defendant Kerwin asking her to send him a copy of the Parole board action from the ( June. 18. 1996.) in which Defendant sent Plaintiff a **(copy of a forgery parole board action)** see exhibit (**B**) in which Defendant **Knew or should have known** that by her **(Tampering in changing these original documents)** would cause harm to plaintiff and keep him **incarcerated illegally,** defendant done this on purpose to inflict pain and suffering on the plaintiff. this was **no accident nor a mistake or a computer error, this was deliberate indifference done with malice.**

15.) Defendant Shirely more Smeal is the Deputy Secratary of the department of corrections and has conspired with the defendants to cover up' her subordinates abuse of authority, and has failed to intervene and stop the abuse, defendant was well aware of the abuse and **knew that plaintiff was being held illegally in prison,** for plantiff has written defendant Smeal (3) separate complaints on three different ocassions warning her of the **abuse by her subordinates and that they was Tampering with official court documents and falsifying records,** plaintiff warned defendant Smeal that defendant Dengler has threaten to make sure that plaintiff **never make parole, and threaten to give plaintiff some extra illegal time to keep him incarcerated.** see grievance No. (697550) and every thing that plaintiff **warned defendant Smeal what defendant Dengler said he was going to do to plaintiff, he has now done and sucessfully achieved** because defendant Smeal conspired with the defendants and failed to stop the abuse even when the records is clear that she knew and was well aware of the fact that **plaintiff was being held illegally in prison.**

Respectfully submitted by

Tom Johnson

23 December 2019.

sentencing date. to intentionally decieve and refrain

2. the plaintiff from his actual sentencing date. the defendants altered the plaintiff court records to refrain the plaintiff in prison past his court's maximum sentence date.

3.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. To Secure My Immediately ~~Release~~ Release and to be compensated Financial for my Pain and suffering.

2. and I want each and every last one of these defendants Held accountable for their Actions, and I want Them Fired.

3.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of December, 2019.

Tom Johnson
(Signature of Plaintiff)

Superintendent Bernedatte Manson
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Deputy Charles Stetler
SCI Retreat
660 Route 11
Hunlock Creek, Pa. 18621

Deputy Laura Banta
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

ms. Rawlings
SCI Dallas
1000 Follies RD
Dallas, pa. 18612

Holly Mitkowski
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Tina Finnegan
SCI Retreat
660 Route 11
Hunlock Creek, Pa. 18621

Jeffrey Dengler
SCI Retreat
660 Route 11
Hunlock Creek, Pa. 18621

Wayne Inniss
Last known address
SCI Retreat
660 Route 11
Hunlock Creek, Pa. 18621

Jack Aversa
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Mary Brotzman
SCI Retreat
660 Route 11
Hunlock Creek, Pa. 18621

Stacy Miller
SCI Dallas
1000 Follies
Dallas, Pa. 18621

Maura Johnson
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Leo Kaskel
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Shirley more Smeal
1920 Technology Parkway
Machanicburg, Pa. 17050

S. Kerwin
1101 South front street.
Harrisburg, Pa. 17104

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| FOR OFFICIAL USE |
| --- |
| 800294 |
| GRIEVANCE NUMBER |

OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR ms. MAHALLY | FACILITY: SCI Retreat | DATE: 3 May 2019 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) TOM JOHNSON DQ-1169 | SIGNATURE OF INMATE: Tom Johnson | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: BB 7 | |

INSTRUCTIONS:

1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I am filing this grievance in good faith, because I am now being held illegally against my free will, after being forced to serve my entire maximum sentence. in which this administration conspired with the parole board, and parole agents (ms. brotzman an mr. aversa) in falsi-fying, **documents and tampering with court records, in which was done with maliciously and sadistically for the very purpose of causing me harm, in pain and suffering.** on August 22, 2013 I walked away from the half way house, in which I was declared a (delinquent) or absconded, that was day when the clock stopped on my parole. I was arrested on September 2, 2015 by the (psp) Pennsylvania state police and taken str-aight to SCI Chester, and according to law and parole policy the day that my feet touched state grounds was when my parole time started run-ning, again" I was sentence in Deleware county for (2) DUI in which Judge Kelly **sentence me to 3-6 months Running concurrent to my state case 1995-0606, see docket number 339-2016.** in which Judge Kelly stated on record, mr. johnson this sentence **will not and shall not change or alter your state sentence in any kind of shape form or fashion,** this is nothing but a conviction on your record. I took a plea deal in front of Judge Pagano, and was sentence to 5 days to 6 months **Running concurrent**

B. List actions taken and staff you have contacted, before submitting this grievance.

**see page 2.**

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

**to case number 339-2016. see court docket: 2646-2016** which clearly makes all my time **Running concurrent with my state time**, because Judge Kelly ran his sentence concurrent with my 1995-0606 state case, see court docket number: 339-2016 In Judge Pagano Ran his sentence **concurrent to case number 339-2016 which is Judge Kelly sentence see court docket: 2646-2016 which make all my time Running together concurrent**, in which this Parole board record office, and the record office here at SCI Retreat has the same exact copy of Judge Kelly, and Judge Pagano sentence sheet from the court **as I do, see Judge Kelly sentence sheet court docket: 339-2016 also see Judge Pagano sentence sheet court docket: 2646-2016** there is no way that any one can argue or dispute what the Judges sentence was, or how the Judges has intended for their sentence to be served or carried out, especially when their **sentence is crystal clear.** I am not going to allow or accept a poor ass excuse about it was a mistake, or error when this administration has done every thing in its power to make sure that I didn't make parole, this administration conspired with the parole agents ms. brotzman and mr. aversa, to stop and block me at every turn to not see the parole board, and went out their way to see that I max out and to keep me in prison, all of this was done in **Retaliation for me filing a grievance against mr. dengler for making Racist and racial statements to me and inmates of color**, the Cocurring therapeutic program was **removed from my Prescripted plan on Janurary 16 2019** in which I should have seen the parole board immediately shortly after, because that program was the only thing holding me up. its been over 4' months and I still haven't seen the parole board, every body can't give me an answer superintendent mason, deputy stettler, deputy banton, parole supervisor mr. aversa, none of the last (3) unit manager's could give me an answer, mr. Degler told me that he was going to **see to it that he keep me here until I max out my sentence, and he was going to make sure that I didn't get transfered back to SCI Huntingdon, and he was going to get me some extra time if he could I wrote this in my grievance several years ago see grievance number 697550 I also written a complaint to Deputy secretary Shirely moore, and every thing that mr. dengler said he would do, he has done so congradulation to mr. dengler for achieving his goal with the help of this staff and administration who conspired with the staff to keep me here pass my maxumim sentence violating my constitutional 8' and 14' Amendment rights which was all done in Retailation,**

Tom Johnson

# GRIEVANCE REJECTION

SCI-RETREAT

660 State Route 11, Hunlock Creek, PA 18621

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | | |
|---|---|---|---|
| **Inmate Name:** | Johnson, Thomas | **Inmate Number:** | DQ1169 |
| **Facility:** | SCI-Retreat | **Unit Location:** | B/B |
| **Grievance #:** | 800294 | | |

**Decision:** **Rejection**

*Your grievance is being rejected for the reason(s) outlined below.*

**Rationale:**

| | |
|---|---|
| | 1. Grievances related to the following issues shall be handled according to the procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | c) DC ADM 802 Administrative Custody Procedures |
| | 2. The grievance was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. The grievance was not signed and/or dated with **correct commitment name, number,** contained UCC references, or was not presented in proper format. |
| X | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | 6. The grievance exceeded the two page limit. Description needs to be brief. |
| | 7. Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. Grievances based upon different events must be presented separately. |
| | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # was submitted on |
| | 13. You have not provided this Office with required documentation for proper review such as a DC-153A, Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form and/or documents outlined on the DC ADM 005 Notification of Deductions Memo and/or the Notification of Amended Deductions Memo. |
| | 14. ***The publication appeal did not include a copy of the Notice of Incoming Publication Denial Form. (Attachment 3-B of DC-ADM 803)*** |

**Response:**

A grievance is to be submitted in a courteous manner. Your use of profanity is unnecessary. There are many ways to get your point across without being rude and accusatory.

| | |
|---|---|
| **Signature:** | J. Mahally J. Mahally |
| **Title:** | Facility Grievance Coordinator |
| **Date:** | 5/7/19 |

cc: Facility Grievance Coordinator
DC-15
File

FROM: TOM JOHNSON DQ 1169

SCI Retreat

Housing unit. BB Cell

Date: 10 May 2019

TO: SUPERINTENDENT MASON

SUBJECT: GRIEVANCE APPEAL

**GRIEVANCE APPEAL NO. 800294**

I am appealing this grievance rejection because the grievance coordinator errored in her judgement for rejecting this grievance in which she claims that this grievance is not legible or understandable in which I totally disagree with her decision for the following reasons.

(1) This grievance is clearly legible and understanding, the grievance coordinator may not like the way that I wrote this grievance, or one may say or think that I am very arrogant or cockey in this not the case, it just that I am confident 100% confident.

I filed this grievance because I am now being held in prison **illegally after being forced to serve my entire maximum sentence** which was done with maliciously and sadistically with the intent to cause me harm. they have **tampered with documents and filed fictitious bogus reports and changed the Judges sentence in which it clearly says running concurrent in which this record office has the same exact copy of the Judges sentence as I do**, for the records is crystal clear, its my job to bring this to the proper authorties for you to correct the problem, now rather you correct the problem or not in which I really don't care at this stage because I am certain that the court will and I am 100 percent confident that I will walk out the court room or this prison will get a phone call from the attorney General telling them to release me, now choice is yours, but the decision is mine.

I brought it to your attention now it will be wise that the record office investigate this claim and correct this time and release me.

RSEPECTFULLY SUBMITTED BY.

Tom J.



# Facility Manager's Appeal Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

06/05/2019 11:20

| Inmate Name: | JOHNSON, THOMAS | DOC #: | DQ1169 |
|---|---|---|---|
| Facility | Retreat | Unit Location: | B / B |
| Grievance #: | 800294 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision: Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you challenge the rejection of your initial complaint by CSA Mahally. Upon review of all relevant information, I find that CSA Mahally properly rejected your grievance for the reasons stated. In addition to the stated reasons, you also present separate issues and fail to show how you have been personally affected by Department policy. The rejection will stand.
As such, I am upholding the decision of the grievance officer and deny this appeal and any request for relief.

| Signature: | B Mason |
|---|---|
| Name: | Bernadette E Mason |
| Title: | Facility Manager |
| Date: | 6/5/19 |

CC: DC-15
File

TOM JOHNSON DQ 1169
SCI Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

TO: Chief Secretary's office of
Inmate Grievances & Appeal
Department of corrections
1920 Technology Parkway
Mechanicsburg, 17050

**FINAL REVIEW APPEAL NO. 800294**

**AND NOW ON THIS 7 Day of June 2019 comes plaintiff** Thomas Johnson appeal for the following reasons. the Grievance coordinator errored in her rejection of my grievances, her reason and rationale was because the grievance was not legible. when any one can clearly see that this grievance was in fact legible, but her real reason for rejecting this grievance was because she was trying to cover and protect this administration and certain staff members because I stated in my original grievance that this administration and certain staff members has conspired together to keep me in prison even though I have served my **entire maximum. and is now being held illegally in prison.** in which this administration and staff members has now violated my 8 & 14 Amendment constitutional Rights.

I appealed this grievance to Facility Manager in which ms. Mason upheld the grievance coordinator decision and added on her own that I presented separate issues and failed to show how you have been personally affected by the department policy.

first and foremost **did ms. Mahally the grievance coordinator or superintendent ms. Mason trully read and understood the seriousness and magnitude of this complaint?** when ever any inmate write a complaint or raise the issue about him being held illegally in prison because he has served his maximum sentence is something that should be taken serious and investigated immediately **especially after I clearly showed where the error has occured,** every court has stated in plain language that when such issue like this is raised should be taken serious and investigated or sent to the proper authority in who's responsible for dealing with this problem and correcting it. by Facility Manager upheld the grievance

coordinator decision she is now responsible for delaying my incarceration, facility manager has done every thing in her power to discourage me from moving forward with this grievance process, facility manager has failed to answer this grievance in a timely fashion, for the grievance policy is clear, facility manager did not want to respond to this grievance, I had spoken to her on (2) different seperate occasions asking her to please respond to the grievance, I had any written a request slip asking her to please respond to the grievance, facility manager was stalling in her response hoping that I would be discourage and give up my pursuit in going forward with this process, in the last pass couple of years, I had filed several grievances warning this administration about what was going, and what several of these staff members was doing to me, I warned this administration and **executive deputy shirely moore smeal** about what mr. Dengler has said he was going to me' he **stated to me that he was going to make sure that I never make parole here, and he was going to make sure that I don't get transfered back to SCI Huntingdon, and said he was going to get me some extra time, and every thing he said he would do' (he has done with the help of several staff members and this administration.** this was not a accindent but instead this was done by designed, when someone write **bogus misleading statement and falsified documents, and then purposely tamper with official documents which was done with maliciously and sadistically for the very purpose of causing me harm** **in pain an suffering,** this was not a mistake, it is my job to bring to the authority attention, and exhaust all my grievance remedies, it is your job and duty to correct and straighten this matter out and release me, for the Judges sentence is clear and any one of the state's attorney will look at this and tell you that I am correct and should have been released months ago' if not then I will simply take the next available steps that is available to me, in order to secure my freedom. I ask that you correct this problem immediately.

7 June 2019

Respectfully submitted by.

Tom Johnson

# Remand Grievance
## (Notice to Inmate)



Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

07/08/2019 10:01

| | | | |
|---|---|---|---|
| **Inmate Name:** | JOHNSON, THOMAS | **DOC #:** | DQ1169 |
| **SCI Filed:** | Retreat | **Current SCI:** | [illegible] |
| **Grievance #:** | 800294 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review. Upon completion of this review, it is the determination of this Office to return your grievance to the respective institution for additional review and appropriate response.

**Decision: Remand**

In accordance with the procedures set forth in the DC-ADM 804, the facility will provide you with a revised response. If you remain dissatisfied with the revised response, you may once again appeal to final review within 15 working days of the date of the revised decision. Please note, however, that you may not re-appeal to the Facility Manager/Institutional level.

| | |
|---|---|
| **Signature:** | |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 07/17/19 |

CC: Deputy Secretary
DC-15/Superintendent - Retreat
Grievance Office



# Remanded Initial Review Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

08/06/2019 10:03

| Inmate Name: | JOHNSON, THOMAS | DOC #: | DQ1169 |
|---|---|---|---|
| Facility: | Retreat | Unit Location: | B /B |
| Grievance #: | 800294 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision: Grievance Denied**

It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and relief sought.

**Response:**

I have been assigned to respond to your grievance. You report being denied a parole interview and according to your grievance you base the denial on the following; the institutional parole office tampering with your records, and retaliation for submitting a grievance on DATSS Mr. Dengler.

After consulting with the institutional parole office you were interviewed for parole in July 2019 and are currently waiting on a board action.

If you have any questions or concerns regarding your time calculation please write to the following address, Commonwealth of Pennsylvania, Board of Probation and Parole, 1101 S. Front St. Harrisburg, Pa. 17104-2519.

Based on the aforementioned your grievance is denied.

| Signature: | [signature] |
|---|---|
| Name: | T. Sokaloski |
| Title: | CCPM |
| Approver: | J. Mahally |
| Date: | 08/06/19 |

CC: Facility Grievance Coordinator
DC-15

## THE BACK ROUND HISTORY OF TOM JOHNSON

1.) I Tom johnson was arrested by the Philadelphia police on April 5. 1995. and was sentence to a ( 10-20 yrs.) sentence by Judge Gregory E. Smith see case No.( CP 95-0606)which makes my maximum date April 5. 2015. exhibit (**A**)

2.) I Tom johnson was brought before the (Parole board) on June 18.1996 for a direct vio lation hearing for being arrested for the new criminal charges in which the parole board rendered me a sentence of **(1.year 11 months and 11 days)** in which I had to serve the back time first under the name and number of **( Tom Jackson CB-2566)** which makes my new maximum date March 16. 2017. see exhibit (**B**)

3.) I was paroled from SCI Forest on March. 28. 2013. and paroled to the Gaudenzia half way house to do the Booster program. see exhibit (**C**)

4.) I Tom Johnson walked away from the half way house on August 22. 2013 in which I was then declared a Deliquint or absconded in which that is the day that my parole had **stop running** in which I only owed the parole board **(3 years and 8'months) left on parole.** see exhibit (**C**)

5.) I was then arrested by the (PSP) Pennsylvania state police on September 2. 2015 for a (DUI) in which I was taken straight to SCI Chester in as soon as my feet touched the grounds of SCI Chester that is when my parole time had started Running again.

6.) On March 10. 2016. I was sentence by Judge Kelly in Delaware county to a Plea deal agreement of **(3-6 months Running concurrent to case No. CP 95-0606)** in which Judge Kelly made it very clear on the record and Im qouting (he stated this sentence **will not and shall not change nor alter your state sentence in any shape form or fashion,**) this is nothing but a conviction on your record. see exhibit (**D**) case no. 339-2016 attached.

7.) On. November 1. 2016. I was sentence by Judge Pagano in Delaware county to a Plea deal

agreement of **(5 days to 6 months Running concurrent to case No. 339-2016)** which is Judge Kelly case making **all my time Running together.** see exhibit (E) case No. 2646-2016.

8.) By the Judges Running **all my time concurrent** my parole time started running the day I was arrested by the (PSP) Pennsylvania state police on September 2. 2015. these are facts that is un-disputable.

## FACTS:

(A)Plaintiff was arrested by the Philadelphia police on April 5. 1995. and sentence to a (10-20 yrs.) by Judge Gregory E. Smith. which makes plaintiff **(maximum date April 5. 2015.)** see exhibit (A)

(B) Plaintiff was brought before the parole board on the June 18. 1995. in which the parole board renderd plaintiff in additional (1.yr. 11'months and 11'days) sentence for the direct violation which now makes plaintiff **new maximum sentence date ( March 16.2017)** see exhibit (B)

(C) From April 5. 1995. to March 28. 2013 = to **(18 yrs)**

and from March 28. 2013 to August 22. 2013 = **(18 yrs. and 4 months)** which leaves plaintiff owing the Parole board (3yrs. 8 months) see exhibit (C)

(D) Plaintiff has now been incarcerated since (September 2. 2015. until now December 23. 2019.) which is **(4 yrs. 3 months) these are undisputable facts that no mathematician would argue against.**

(E) if you add from **(April 5. 1995. to March 22. 2013. = 18 yeras.) and add 4 months that I spent in the half way house = (18.yrs 4 momnths)**

(F) And if you add from (September 2. 2015. until December 23. 2019.) = **(4 yrs. 3 months)**

(G) And if add **(18 yrs. 4 months + 4 yrs. 3 months = 22 yrs. 7 months) that plaintiff spent incarcerated which makes the plaintiff (7) over his maximum sentence. these are facts that is indisputable.**

(H) There is just no way that plaintiff can spend **(22 yrs. 7 months)** in prison and still owe the parole board (1 yr. 6 months) until his maximum sentence is complete, it just dosen't add up mathematically because that would now make plaintiff new maximum sentence of **(24 yrs. 2 months) when plaintiff original maximum sentence was (21 yrs. 11 months and 11 days)** which this clearly dosen't add up.

THE QUESTION IS HOW DID THE PLAINTIFF GET THE EXTRA (2YRS. AND 2 MONTHS?)

By defendants Maura Johnson **changing plaintiff sentences from Judge Kelly and Judge Pagano from concurrent to a (consecutive sentence) for 6 months + 6 months = 12 months**

And by Defendant Kerwing **(ALTERING AND TAMPERING AND CHANGING) the original parole board from March 27. 1997. to May 29. 1998 = 14 months**

**and if you add them both together they = to 26 months which is the (2yrs. 2 months)**
ms. Kerwing sent plaintiff a **FORGERY COPY OF THE PAROLE BOARD ACTION THIS WAS DONE INTENTIONAL.**

Respectfully submitted by.

23 December. 2019

Tom Johnson

# EXHIBIT A



# COMMONWEALTH OF PENNSYLVANIA

## DC16E - SENTENCE STATUS SUMMARY DEPARTMENT OF CORRECTIONS

Name: Thomas Johnson Inmate #: DQ1169 Closed Version 4 Dated 5/10/2017 5:04:18 AM

### 1. REFERENCES AND IDENTIFICATION

| DOC # | Commitment Name | PBPP # | SID # | FBI # | Phila Photo # |
|---|---|---|---|---|---|
| DQ1169 | THOMAS JOHNSON | 3824T | 16746002 | | 650008 |
| **DOB** | **Place of Birth** | | | **Race** | **Sex** |
| 08/26/1966 | PHILADELPHIA PA USA | | | B | M |

### 2. SENTENCE SUMMARY

| Sent Date | County/State/Federal | Indictments | Sent Type | Minimum Y | Minimum M | Minimum D | Maximum Y | Maximum M | Maximum D |
|---|---|---|---|---|---|---|---|---|---|
| 05/22/1996 | Philadelphia | CP0606 CT1/1995 | | 5 | | | 10 | | |
| **Plea:** | Found Guilty | **OTN:** M6500992 | **Judge:** GEGORY E SMITH | | | | | | |
| **Offense:** | **CC3701 - ROBBERY (GENERAL)** | | | | | | | | |
| 05/22/1996 | Philadelphia | CP0606 CT7/1995 | CS | 5 | | | 10 | | |
| **Plea:** | Found Guilty | **OTN:** M6500992 | **Judge:** GREGORY E SMITH | | | | | | |
| **Offense:** | **CC3701 - ROBBERY (GENERAL)** | | | | | | | | |

| | | | |
|---|---|---|---|
| **Reception Date** | 09/28/2015 | **Reentered from DOC #** | CB2566 |
| **Controlling Minimum Date** | 04/07/2008 | **New Maximum - PV** | 06/20/2021 |
| **Controlling Maximum Date** | 04/07/2018 | **True Minimum Expiry Date** | |
| **RRRI Minimum Expiry Date** | | | |

**Summary or Remarks on Sentence**

| *Remarks* | Version 4 after receiving PBPP-39 dated 5-5-2017 updating status to TCV with recomputed max of 6-20-2021<br>Version 3 updated status from PVP to TPV after receiving PBPP-39 dated 11-9-2015 with recomputed max of 4-19-2020<br>Version 2 created to remove detainer and recomputed on this date from previous information due to computer updates |
|---|---|

### 3. SENTENCE STRUCTURE

**Commitment Credit**

Computation 3 CP0606 CT1/1995, CP0606 CT7/1995 : 04/05/1995 to 04/08/1995, 04/30/1996 to 06/16/1996

| *Remarks* | |
|---|---|

## 4. NON-INCARCERATED OFFENSES

| Sent Date | County/State/Federal | Indictments |
|---|---|---|
| 05/22/1996 | Philadelphia | CP0606 CT1/1995 |
| **Description:** | THEFT (2 CTS); RSP (2 CTS); S/A (2 CTS); REAP (2CTS) - ALL NP | |
| *Comments* | | |

## 5. DETAINERS

| Active Detainers | | | | | |
|---|---|---|---|---|---|
| **Detainer#** | **Date** | **Agency** | **Agency Identification** | **OTN** | **Type** |
| | | | | | |
| *Charges* | None | | | | |

| Deleted Detainers (For those deleted since last DC16) | | | | | |
|---|---|---|---|---|---|
| **Detainer#** | **Date Deleted** | **Agency** | **Agency Identification** | **OTN** | **Type** |
| None | | | | | |
| *Remarks* | None | | | | |

## 6. PRIOR DOC NUMBERS

| CB2566 | AY8505 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

## 7. ACTIONS: BOARD OF PARDONS

| Decision Date | File Number | Action | Comments |
|---|---|---|---|
| None | | | |

**Last Modified By: Ogershok, Lynne M**

**Signed Off By: Linn, Elizabeth A**

**Institution: Huntingdon**

# EXHIBIT B

(B)




May 16, 2018

THOMAS JOHNSON
SCI RETREAT – DQ1169
660 STATE ROUTE 11
HUNLOCK CREEK PA 18621-3136

Parole # 3824T

Dear Mr. Johnson:

This is to acknowledge receipt of your letter received at the Board of Probation and Parole on 5/2/2018.

As requested enclosed is a copy of your board action from 1996.

Your correspondence will become a part of the file.

Sincerely,

S. Kerwin

S. Kerwin
Parole Staff Technician
Inmate Inquiry Unit
Division of Case Management

cc: File

Pennsylvania Board of Probation and Parole | Office of Board Secretary
1101 South Front Street – Suite 5300 | Harrisburg, PA 17104-2519
Phone: 717.787.5684 | Fax: 717.772.4375 | www.pbpp.state.pa.us

NOTICE OF BOARD DECISION
PBPP-15 (6/92)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 062996

CLIENT NAME: THOMAS JACKSON PAROLE NO.: 3824T

INSTITUTION: STATE CORRECTIONAL INSTITUTION GRATERFORD INSTITUTION NO.: CB2566

AS RECORDED ON 061896 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO SERVE UNEXPIRED TERM - 1 YEAR 11 MONTHS 11 DAYS.

- UNEXPIRED TERM FOR THE OFFENSES OF ROBBERY, TERRORISTIC THREATS.
EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTIONS.
REASON: CONVICTIONS IN A COURT OF RECORD ESTABLISHED.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS AND HAVE NO MISCONDUCTS.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

DATE MAILED: JUL 12 1996

(P.H. 06/18/96 NT 06/29/96)

PAROLE VIOLATION MAX DATE: 052998

CC: PUBLIC DEFENDER

NICHOLAS P. MULLER
CHAIRMAN

FILE COPY

# EXHIBIT C

(C)

BOARD PAROLE

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE
PBPP-257N

# NOTICE OF CHARGES AND HEARING

ARREST REPORT NO: 1 DATE OF RPT. 09/23/2015 shaharvey 9/23/2015 2:33:02 PM

| OFFENDER NAME (Last, First, Middle Initial) | PAROLE NO. | SID NO. | INST. & NO. |
|---|---|---|---|
| JOHNSON, THOMAS | 3824T | 167-46-00-2 | SCI - FOREST DQ1169 |

| COUNTY/STATE OF CONV. | SENTENCE | MINIMUM DATE | RELEASE DATE | MAXIMUM DATE |
|---|---|---|---|---|
| PHILADELPHIA/PA | 10Y 00M 00D 20Y 00M 00D | 04/07/2008 | 03/28/2013 | 04/07/2018 |
| PHILADELPHIA/PA | 10Y 00M 00D 20Y 00M 00D | 04/07/2008 | 03/28/2013 | 04/07/2018 |

| PRESENT OFFENSE | EFF. DATE OF DELINQ. (If applicable) |
|---|---|
| ROBBERY (GENERAL)<br>ROBBERY(GENERAL) | 08/21/2013 |

This notice is in reference to your upcoming hearing:

- ☒ PRELIMINARY HEARING
- ☐ VIOLATION HEARING
- ☒ DETENTION HEARING
- ☐ REVOCATION HEARING
- ☐ PROBABLE CAUSE
- ☐ PANEL HEARING

## CHARGES

You are charged with the following:

NEW CRIMINAL CHARGES:

DATE OF ARREST: 09/03/2015

ISSUE DATE: 09/18/2015

NAME AND LOCATION OF ARRESTING AUTHORITY: PENNSYLVANIA STATE POLICE, DELAWARE COUNTY, PA

OFFENSE(S) AND GRADING(S):
DUI: GEN IMP/INC OF DRIVING SAFELY - 1ST OFF (M)
DUI: CONTROLLED SUBSTANCE - IMPAIRED ABILITY - 1ST OFFENSE (M)
DRIVING WITHOUT A LICENSE (S)

BILL/INDICTMENT#: MJ-32249-CR-0000377-2015

OTN: L966388-3

TECHNICAL PAROLE VIOLATIONS:

CONDITION #1: REPORT IN PERSON OR IN WRITING WITHIN 48 HOURS TO THE DISTRICT OFFICE OR SUB-OFFICE LISTED BELOW, AND DO NOT LEAVE THAT DISTRICT WITHOUT PRIOR WRITTEN PERMISSION OF THE PAROLE SUPERVISION STAFF.

SUPPORTING EVIDENCE: YOU WERE ARRESTED ON 09/03/2015 BY THE PENNSYLVANIA STATE POLICE - MEDIA BARRACKS FOR OUR WARRANT AND PENDING NEW CRIMINAL CHARGES. YOU DID NOT HAVE PBPP SUPERVISION STAFFS WRITTEN PERMISSION TO LEAVE THE DISTRICT.

CONDITION #2: YOUR APPROVED RESIDENCE IS LISTED BELOW AND MAY NOT BE CHANGED WITHOUT THE WRITTEN PERMISSION OF THE PAROLE SUPERVISION STAFF.

GAUDENZIA DRC CCF PROGRAM
3200 HENRY AVENUE
PHILADELPHIA, PA 19129

SUPPORTING EVIDENCE: ON 08/21/2013, YOU FAILED TO RETURN TO THE FACILITY AFTER USING THE 2ND FLOOR FIRE EXIT OF THE DRC FACILITY. YOU DID NOT HAVE WRITTEN OR VERBAL PERMISSION TO CHANGE YOUR APPROVED ADDRESS. YOU FAILED TO RETURN ON THAT DAY OR ANY DAY THEREAFTER.

CONDITION #7: YOU SHALL COMPLY WITH THE SPECIAL CONDITIONS LISTED ON PAGE 2 IMPOSED BY THE BOARD AND WITH SPECIAL CONDITIONS IMPOSED BY THE PAROLE SUPERVISION STAFF.

IN ADDITION TO THE CONDITIONS PREVIOUSLY IMPOSED, YOU ARE SUBJECT TO THE FOLLOWING CONDITIONS, WHICH ARE BEING IMPOSED PURSUANT TO CONDITION NO. 7 OF THE ORIGINAL CONDITIONS GOVERNING YOUR PAROLE.

COUNT 1: EFFECTIVE 04/04/2013, YOU WILL ENTER DRC FACILITY, 3200 HENRY AVENUE, PHILA., PA 19129. YOU WILL ABIDE BY ALL THE CONDITIONS IMPOSED BY THE PAROLE SUPERVISION STAFF AND CENTER STAFF. FAILURE TO ABIDE BY ALL CONDITIONS IMPOSED BY THE CCC STAFF AND PA BOARD OF PROBATION AND PAROLE STAFF WILL BE AN IMMEDIATE VIOLATION OF YOUR PAROLE. FAILURE TO SUCCESSFULLY COMPLETE THIS PROGRAM FOR ANY REASON WILL BE AN IMMEDIATE VIOLATION OF YOUR PAROLE.

SUPPORTING EVIDENCE: ON 08/22/2013, DRC OPERATIONS DIRECTOR KELLY RASCOE UNSUCCESSFULLY DISCHARGED YOU FROM THE DRC-CCF MH PROGRAM DUE TO YOUR FAILURE TO RETURN TO THE DRC FACILITY AFTER WALKING AWAY.



JE/09

BOARD PAROLE

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE
PBPP-257N

# NOTICE OF CHARGES AND HEARING

ARREST REPORT NO: 1 DATE OF RPT. shaharvey 9/23/2015 2:33:02 PM

| OFFENDER NAME (Last, First, Middle Initial) | PAROLE NO. | SID NO. | INST. & NO. |
|---|---|---|---|
| JOHNSON, THOMAS | 3824T | 167-46-00-2 | SCI - FOREST DQ1169 |

OFFENDER'S SIGNATURE: [signature] DATE SIGNED:

You are now being charged with the above additional violations which will be heard along with the original charges at your violation and/or revocation hearing.

| HEARING DATE AND TIME | PUBLIC DEFENDER OR PRIVATE ATTORNEY | LOCATION |
|---|---|---|
| 10-14-15 @ 9:00AM | MONTGOMERY CTY PUB DEFENDER<br>SWEDE AND AIRY STS.<br>NORRISTOWN, PA 19401 | SCI - GRATERFORD<br>P.O. BOX 246<br>COLLEGEVILLE, PA 19426 |

| AGENT NAME/SIGNATURE/DATE | SUPERVISOR NAME/SIGNATURE/DATE | OFFICE NAME |
|---|---|---|
| [signature] 9/23/15 Date | [signature] 9/23/15 Date | PHILADELPHIA DISTRIC |
| BREEDING, THOMAS | BORNSTEIN, KAREN | |

2

# EXHIBIT D

# EXHIBIT E

(D)

**DELAWARE COUNTY COURT OF COMMON PLEAS**
**CERTIFICATE OF IMPOSITION OF JUDGEMENT OF SENTENCE**

NGP X Open GP ___ Jury Trial ___ Non Jury Trial ___ Nolo ___ Amended ___ Gagnon II ___

COMMONWEALTH OF PENNSYLVANIA V. Thomas Jackson aka Thomas Johnson

D.O.B. 8/26/66 SEX (M)/F RACE B SID 16746002 BAC Combo of drugs + alcohol

Case Record No. 339-16 OTN No.: L963626-6

| Count | Charges | Grading | Count | Charges | Grading |
|---|---|---|---|---|---|
| 2 | DUI tier 3, 1st off | UM | | | |

A. TOTAL CONFINEMENT is imposed with regard to the following charges:

| Count | Minimum | Maximum | DCP | SCI | FINE |
|---|---|---|---|---|---|
| 2 | 3 months (12/3/15 – 3/10/16 credit time) | 6 months | X | | $1000 |

B. PROBATION is imposed with regard to the following charges:

| Count | Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | | | | |

CERTIFIED A TRUE AND CORRECT COPY FROM THE RECORD THIS 24 DAY OF July A.D. 2019 ANGELA L. MARTINEZ, ESQ., DIRECTOR OFFICE OF JUDICIAL SUPPORT [signature]

2016 MAR 10 PM 1:55 OFFICE OF JUDICIAL SUPPORT DELAWARE CO. PA FILED

C. INTERMEDIATE PUNISHMENT is imposed to the following charges:

| Count | Term of Intermediate Punishment | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | | | | |

D. Defendant is ordered to pay RESTITUTION to the following persons:

| Name | Address | Sum |
|---|---|---|
| Marple PD | 225 South Sproul Road Broomall, PA 19008 | $168.00 |

Joint & Several with

E. List Specific Conditions

- X Immediate Parole – This case only
- X Complete Safe Driving/Follow CRN-D&A Recds.
- ___ Perform ___ hours of Community Service
- ___ Serve ___ 48 hour periods starting ___ at ___ pm/am
- ___ Placed on EMP for ___.
- ___ No contact with victim
- ___ Participate in domestic violence or anger management Group
- X Credit for any completed conditions
- X Complete and follow recommendation of Diagnostic Services
- X Drug &Alcohol Evaluation
- ___ Psychological Evaluation
- ___ Psychiatric Evaluation
- ___ Psychosexual Evaluation
- ___ Submit to DNA Testing – Pay Cost
- X $ 300 Mandatory Cost Assessment per Substance Abuse Demand and Reduction Fund
- X Comply with rules and regulations governing Probation and/or Parole
- ___ Megan's Law Registration – Tier ___
- X General Rules X DUI ___ EMP ___ Sex Offenders ___ Substance Abuse Unit ___ Mental Health Unit

Other Concurrent to 606061-95 (Philadelphia) → CP-51-CR-0606061-95

* any incarceration time over the 3 month minimum will reduce his period of parole *

F. The Defendant shall receive such credit for time served as he/she is entitled by the laws of the Commonwealth of Pennsylvania.
The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows:
The aggregate term of confinement is a period of not less than 3 months
not more than 6 months.
The aggregate term of probation is ___.
Costs of prosecution are imposed on the (X) Defendant ( ) Delaware County
( ) ALL OUTSTANDING DEFENSE / COMMONWEALTH MOTIONS WITHDRAWN
(X) DISMISS REMAINING CHARGES PURSUANT TO PLEA AGREEMENT (X) APPEAL RIGHTS GIVEN

Date: 3/10/16 ___ [signature] Sentencing Judge Kelly

Name ADA: Jennifer Glackin Name Def. Atty. E. Dobson

3-15

(E)

# DELAWARE COUNTY COURT OF COMMON PLEAS
## CERTIFICATE OF IMPOSITION OF JUDGEMENT OF SENTENCE

NGP ___ Open GP X Jury Trial ___ Non Jury Trial ___ Nolo X Amended ___ Gagnon II ___

COMMONWEALTH OF PENNSYLVANIA V. Thomas Jackson AKA Thomas Johnson

D.O.B. 8-26-66 SEX (M) F RACE B SID 16746602 BAC ___

Case Record No. 2646-16 OTN No.: L 966388-3

| Count | Charges | Grading | Count | Charges | Grading |
|---|---|---|---|---|---|
| 1 | DUI tier 1 2nd offense General Impairment | UM | | | |

A. TOTAL CONFINEMENT is imposed with regard to the following charges:

| Count | Minimum | Maximum | DCP | SCI | FINE |
|---|---|---|---|---|---|
| 1 | 5 ~~months~~ days 4-7-16 to 4-12-16 | 6months | X | | $300 CA |

B. PROBATION is imposed with regard to the following charges:

| Count | Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | | | | |

CERTIFIED A TRUE AND CORRECT COPY FROM THE RECORD
THIS 24 DAY OF July A.D. 2019
ANGELA L. MARTINEZ
OFFICE OF JUDICIAL SUPPORT
Eileen Nguyen

C. INTERMEDIATE PUNISHMENT is imposed to the following charges:

| Count | Term of Intermediate Punishment | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | | | | |

D. Defendant is ordered to pay RESTITUTION to the following persons:

| Name | Address | Sum |
|---|---|---|
| | | |

Joint & Several with

E. List Specific Conditions

___ Immediate Parole – This case only
X Complete Safe Driving/Follow CRN-D&A Recds.
X Perform 48 hours of Community Service
___ Serve ___ 48 hour periods starting ___ at ___ pm/am
___ Placed on EMP for ___.
___ No contact with victim
___ Participate in domestic violence or anger management Group
X Credit for any completed conditions

X Complete and follow recommendation of Diagnostic Services
X Drug &Alcohol Evaluation
___ Psychological Evaluation
___ Psychiatric Evaluation
___ Psychosexual Evaluation
___ Submit to DNA Testing – Pay Cost
X $ 100 Mandatory Cost Assessment per Substance Abuse Demand and Reduction Fund
___ Megan's Law Registration – Tier ___

X Comply with rules and regulations governing Probation and/or Parole
X General Rules X DUI ___ EMP ___ Sex Offenders ___ Substance Abuse Unit ___ Mental Health Unit

Other Concurrent to 739-16

F. The Defendant shall receive such credit for time served as he/she is entitled by the laws of the Commonwealth of Pennsylvania.
The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows:
The aggregate term of confinement is a period of not less than 5 days not more than 6months.
The aggregate term of probation is ___.
Costs of prosecution are imposed on the (X) Defendant ( ) Delaware County
( ) ALL OUTSTANDING DEFENSE / COMMONWEALTH MOTIONS WITHDRAWN
(X) DISMISS REMAINING CHARGES PURSUANT TO PLEA AGREEMENT (X) APPEAL RIGHTS GIVEN PAGANO

Date: 11-1-16

[signature] Sentencing Judge

Name ADA: A. Latonick

6

Name Def. Atty. F. Holloran

# cover story of complaint.

This complaint is about me being held illegally in Prison on purpose which was dun with Deliberate indifference with malice and sadistically for the very purpose of causing me harm. the defendants is this complaint has conspired together and systemically covered up for each other wrong doing. they has violated my 8' & 14" Amendment rights. all the defendants worked together to make sure **that I never made Parole, and to keep me in prison illegally by Tampering with court records and parole board documents, they change the original court and Parole documents knowing that this will cause me pain and suffering.** the defendants violated my Due process rights by denying me the right to see the parole board, for all the defednants was bent on working together to keep me incarcerated no matter what under any circumstances they broke and violated all the Department of corrections policy and broke and violated all my constitutional rights, which was all based on hatred and Racism and Retaliation. none of their action was a mistake, this was all dun on purpose to cause me pain and to see me suffer.

Rspectfully submitted by.

Tom Johnson

Tom johnson DQ 1169

Tom Johnson DQ-1169
SCI Retreat
660 State Route 11
Hunlock Creek, PA. 18621

RECEIVED
SCRANTON
DEC 27 2019
PER ________ DEPUTY CLERK

U.S. Courthouse
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA. 18501-1148